# RODRIGUEZ LAW, P.C.

EMPIRE STATE BUILDING | 350 FIFTH AVENUE | SUITE 5909 | NEW YORK, NEW YORK 10118

TELEPHONE (212) 960-3305
INFO@LAWRODRIGUEZ.COM | WWW.LAWRODRIGUEZ.COM

ARGILIO RODRIGUEZ, ESQ.
ARGILIO@LAWRODRIGUEZ.COM

June 26, 2018

Hon. Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

  Re: *Zayas v. 207 Street Realties, LLC, et. al.*
     **CA No. 17-cv-9724 (VSB)**

Your Honor,

  We represent individual defendant Altagracia Abreu in the above-referenced matter. We write to express our opposition to Plaintiff's attempt to file an Amended Complaint due to his violation of this Court's Order dated May 4, 2018 [Dkt. No. 20]. As discussed below, at no point did Defendants have the opportunity to review the proposed Amended Complaint. Moreover, at this time, defendant Ms. Abreu stands by her initial opposition to being named individually as a defendant and requests leave to file a motion to dismiss. Defendant Ms. Abreu is also considering whether a motion for sanctions is warranted.

  In way of background, the parties held an Initial Pre-Trial Conference before Your Honor on May 3rd, 2018 at which I, as counsel for Ms. Abreu informed the Court that she was improperly named as a Defendant in her individual capacity and that that the proper defendant was the corporate entity.

  In an Order dated May 4th, 2018 [Dkt. No. 20], Your Honor instructed the parties to meet and confer to discuss, among other things, the substance of the proposed amended Complaint, including if necessary, by providing the proposed amended complaint to Defendants on or before May 31, 2018. If Defendants consent to Plaintiff's proposed amended complaint, Plaintiff would file the amended complaint. If Defendants did not consent to Plaintiff's proposed amended complaint, Plaintiff would file a letter motion requesting leave to file an amended complaint on or before May 31, 2018, and Defendants would file an opposition on or before June 4th, 2018. The parties were further ordered to provide a briefing schedule with respect to Defendants' anticipated motion to dismiss the amended complaint if any.

  Nevertheless, despite this Court's Order, at no point did Defendants provide the proposed Amended Complaint for review as requested. The first time Defendants saw the filed complaint was when it was filed by Plaintiff and kicked back by the Court as a deficient pleading as no

order granting permission was given. What is particularly aggravating is that Plaintiff ignored the Court's instructions and counsel's request to review the proposed Amended Complaint and just filed it anyway. To be clear, defendant Ms. Abreu remains of the position that she was improperly named as an individual defendant. *See Coddington v. Adelphi Univ.*, 45 F.Supp.2d 211, 217 (E.D.N.Y.1999) (Wexler, J.) ("Even if Plaintiff had asserted a valid claim under the ADA, which he does not, his claims against the individual Defendants would still fail."); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 n. 3 (3d Cir.2002) (same).

Given that Plaintiff has failed to abide by and comply with the order of this Court, and defendant Ms. Abreu remains named as an individual defendant despite no basis for holding her liable in her personal capacity, we respectfully request leave from this Court to file a motion to dismiss Ms. Abreu. Defendant Ms. Abreu also reserves the right to move for sanctions and request attorneys' fees.

Very truly yours,

*/s/ Argilio Rodriguez*
Argilio Rodriguez, Esq.

*Counsel for Defendant Altagracia Abreu*